UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-md-03036-RJC-DCK

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036<br><br>THIS DOCUMENT RELATES TO ALL CASES |

# FIRST PRETRIAL ORDER

**THIS MATTER** comes before the Court sua sponte. The Judicial Panel on Multidistrict Litigation (the "Panel") transferred numerous civil actions to this Court pursuant to the Panel's Order dated August 4, 2022. The Court finds that these civil actions merit special attention as complex litigation. **IT IS, THEREFORE, ORDERED** that:

1. **APPLICABILITY OF ORDER**

Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in the actions transferred to this Court by the Panel pursuant to its August 4, 2022 Order. This Order also applies to all related actions originally filed, transferred to, or removed to this Court, and will apply to any tag-along actions later filed in, removed to, or transferred to this Court.

2. **CONSOLIDATION**

The civil actions described in Section 1 are consolidated for pretrial purposes only. Any tag-along actions later filed in, removed to, or transferred to this Court, or directly filed in the Western District of North Carolina, will automatically be consolidated with this action without the

necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. **INITIAL CONFERENCE AND AGENDA FOR CONFERENCE**

This matter is set for an initial pretrial conference on **October 11, 2022, at 11:00 A.M., Courtroom 8, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, NC 28202**. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* (the "MCL") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL Sections 22.6, 22.61, 22.62, 22.63 and Federal Rule of Civil Procedure 16(c) shall, to the extent applicable, guide the agenda for the conference. Counsel shall confer, seek consensus to the extent possible, and be prepared to discuss these matters, including but not limited to:

- deadlines for amendment of pleadings;
- the need for master pleadings;
- scheduling, including deadlines for filing motions;
- a proposed discovery plan;
- dates for future conferences;
- appointments of lead counsel and liaison counsel;
- the need for a Plaintiffs' Steering Committee and/or state court liaison; and
- a plan for alterative dispute resolution.

The Parties shall confer and file a joint proposed agenda for the pretrial conference on or before **September 20, 2022**. If the Parties cannot agree on a joint proposed agenda, Plaintiffs and Defendants may each file a separate proposed agenda, but each party is limited to one proposal.

4. **POSITION STATEMENT**

Plaintiffs and Defendants shall each file by **September 20, 2022**, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The Parties' statements shall list all pending motions and all related cases pending in state or federal court together with their current status, including any discovery taken to date, to the extent known. Each party is limited to one statement.

5. **LEAD COUNSEL, LIAISON COUNSEL, AND OTHERS**

The Court intends to appoint lead counsel and liaison counsel for Plaintiffs and Defendants in this case.

Prior to the initial conference, counsel for the Plaintiffs and counsel for the Defendants shall, to the extent they have not already done so, confer and seek consensus on three recommendations for the position of Plaintiffs' liaison counsel and one nomination for Defendants' liaison counsel. The Parties shall file their recommendations of liaison counsel on or before **September 20, 2022**. The recommendations should include each counsel's resume or curriculum vitae, educational background, licensing status, a list of relevant experience with cases in similar areas including prior similar appointments, and how and at what rates counsel will expect to be compensated or reimbursed for services rendered. At this stage, liaison counsel will be responsible for coordinating administrative matters. The duties of liaison counsel are enumerated in the MCL. The court will give substantial weight to the recommendations submitted when selecting liaison counsel.

Counsel interested in serving as lead counsel must file a request for appointment on or before **September 20, 2022**. The request should contain each counsel's resume or curriculum vitae, educational background, licensing status, a list of relevant experience with cases in similar areas including prior similar appointments, and how and at what rates counsel will expect to be compensated or reimbursed for services rendered. The request should also indicate any consensus reached on appointment of lead counsel.

At the initial conference, the Parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter, including the need for a Plaintiffs' Steering Committee and/or state court liaison.

6. **APPEARANCE**

Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person. To minimize costs and facilitate a manageable conference, Parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

7. **SERVICE**

The Clerk of Court is directed to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation and counsel of record and also to file a copy of this Order in each separate action, including all related actions originally filed in, transferred to, or removed to this Court, and any tag-along actions later filed in, removed to, or transferred to this Court.

Prior to the initial conference, counsel of record who have registered in this District for CM/ECF will receive electronic notice of this Order. The Court directs counsel who receive notice of this Order to forward the Order to other attorneys and parties who should be notified of the Order but who are not registered for CM/ECF in this District.

## 8. STAY

Until further order of the Court, the following deadlines and obligations are stayed:

- Defendants time for responding by motion or answer to any complaints;
- All outstanding discovery proceedings; and
- All responses or replies to pending motions.

No further discovery shall be initiated until further order of the Court.

## 9. PREVIOUS ORDERS

Any orders, including protective orders, previously entered by this Court or any transferor court, shall remain in full effect unless modified by this court.

## 10. MASTER DOCKET FILE

The Clerk of Court will maintain a master docket case file under the style "In Re: Gardasil Products Liability Litigation" and the identification "MDL No. 3036." All papers filed in these actions shall bear the identification MDL No. 3036. When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "THIS DOCUMENT RELATES TO ALL CASES." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document relates shall appear immediately after the words "THIS DOCUMENT RELATES TO CASE NO."

## 11. FILING

Any pleading or paper shall be filed electronically using this District's CM/ECF system. Any pleading or paper filed in any of these actions shall be filed electronically with this Court and not with the transferor district court.

Where counsel for more than one party plan to file substantially identical pleadings they shall join in the submission of such pleadings and shall file one pleading on behalf of all so joined.

## 12. DOCKETING

When an action that properly belongs as a part of In Re: Gardasil Products Liability Litigation is hereinafter filed in the Western District of North Carolina or transferred here from another court, the Clerk of this Court shall:

- File a copy of this Order in the separate file for such action; and
- Make an appropriate entry on the master docket sheet.

## 13. APPEARANCES

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Additionally, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rule 83.1 are waived. Association of local counsel is not required. This accommodation is made with the understanding that all out-of-state counsel will thoroughly familiarize themselves with this District's local rules, available on the Court's website at www.ncwd.uscourts.gov. Counsel must register for CM/ECF **within two (2) weeks of this Order**. Counsel may electronically register for CM/ECF on the Court's website.

## 14. HEARINGS

Hearings shall not be held on any motions except as otherwise scheduled or ordered by the Court.

**15. REMAND STIPULATIONS**

In the event that a case is remanded, counsel shall jointly file a stipulation or designation, by docket number, of the contents of the record to be transmitted for remand to the transferor court.

**16. PRESERVATION OF EVIDENCE**

All Parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the Parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Until the Parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to

exercise all reasonable efforts to identify and notify Parties and nonparties, including employees of corporate or institutional Parties.

## 17. FILING OF DISCOVERY REQUESTS

Discovery materials are not to be filed. All counsel are advised to consult the District's local rules which provides that while all discovery notices, requests, and responses must still be served on all Parties, they are no longer to be filed unless upon order of the Court. The Parties are responsible for the preservation of any and all discovery materials they may generate.

## 18. COMMUNICATION

Counsel's primary contact in the Clerk's Office will be Brittany Lynch, Courtroom Deputy. The phone number for the Clerk's Office is 704-350-7400, and Ms. Lynch can be reached at 704-350-7409 or via email at Brittany_lynch@ncwd.uscourts.gov. Communications with Judge Conrad's chambers should primarily be through Ms. Lynch. Chambers staff may also be reached at 704-350-7460.

The Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product.

Signed: August 9, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge